O'NEIL v. MANHATTAN LIFE INS. CO. (two cases).

(Circuit Court of Appeals, Third Circuit. December 11, 1895.)

Nos. 31 and 32, September Term, 1895.

REVIEW ON ERROR—WAIVER OF JURY—GENERAL FINDING.
    Where a jury is waived, pursuant to Rev. St. §§ 649, 700, and the court makes a general finding, which alone is assigned as error, the only question for review is whether the evidence supports the finding. Whether it would have justified a different finding is immaterial.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

These were two actions of ejectment brought by the Manhattan Life Insurance Company against Edward O'Neil. A jury was waived, and the case submitted to the court, under the provisions of Rev. St. §§ 649, 700. The court made a general finding in favor of plaintiff, in each case, and defendant brought error.

Both parties claimed title under one James C. McKown. McKown was for a long time an agent of the Manhattan Life Insurance Company, and prior to March 10, 1893, had become largely indebted to it, for which indebtedness, at about that time, he gave his bond, with sureties. He was a brother-in-law of defendant O'Neil, and on August 4, 1893, he gave the latter a deed of all his real property, including the pieces of property involved in these suits. The consideration was $2,000 in cash, paid to a third party, to cancel a debt due from McKown. The insurance company, having obtained a judgment against McKown on his bond in 1894, caused levies to be made upon the pieces of property now in question, and bought them in at the marshal's sales. After obtaining deeds from the marshal, the insurance company brought these actions of ejectment against O'Neil, attacking the conveyances to him by McKown on the ground of fraud. The evidence related to the bona fides of that transaction, the adequacy of the consideration paid, and the value of the property at the time.

Johns McCleave, for plaintiff in error.

M. A. Woodward, for defendant in error.

Before DALLAS, Circuit Judge, and BUTLER and WALES, District Judges.

BUTLER, District Judge. The parties in these cases dispensed with juries, and submitted the testimony to the court, under sections 649 and 700 of the Revised Statutes. The first of these sections provides that "the finding of the court upon facts * * * shall have the same effect as the verdict of a jury"; and the second provides that "the rulings of the court during the progress of the trial, if excepted to at the time * * * may be reviewed * * * upon writ of error or appeal, and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

Here the finding was general, as follows: "The court finds in favor of the plaintiff, and against the defendant for the land described in the writ, with 6¼ cts. damages, and costs of suit."

The plaintiff assigns this finding, alone, as error. The single question therefore is, does the evidence support the finding? We think it does. It is not important that the evidence might possibly justify a different finding; that was a proper consideration for the circuit court.

The judgment is therefore affirmed.